# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 13-50553
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ERASMO GARCIA-GONZALEZ,

Defendant - Appellant

Consolidated with 13-50555

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ERASMO GARCIA-GONZALEZ, also known as Javier Jimenez,

Defendant - Appellant

————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-208-1
USDC No. 2:13-CR-405-1

————

No. 13-50553

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Erasmo Garcia-Gonzalez appeals both the 24-month, within-Guidelines sentence imposed following his guilty-plea conviction for illegal reentry following deportation (2010), in violation of 8 U.S.C. § 1326, and the consecutive, 16-month sentence imposed following the revocation of his supervised release. He contends the 24-month sentence was greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) and failed to account for his personal history and motive for reentering the United States; he also contends the 16-month sentence was influenced by the 24-month, illegal-reentry sentence and was unnecessary under §3553(a)'s factors.

Garcia does not claim procedural error; he contends both sentences are substantively unreasonable. At the consolidated sentencing hearing for the illegal-reentry conviction and the supervised-release revocation, Garcia did not object to the substantive reasonableness of his sentences; therefore, review is only for plain error. *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007). Garcia notes a circuit split regarding the standard of review for substantive-reasonableness claims not raised in the district court, and he contends other circuits, applying an abuse-of-discretion standard, are correct. He acknowledges this contention is foreclosed by our decision in *Peltier*, and raises it only to preserve it for possible further review.

Under the plain-error standard, Garcia must show a clear or obvious forfeited error that affected his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he shows such reversible plain error,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

we have the discretion whether to correct the error, and should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

"A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Unites States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008); *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 808–09 (5th Cir. 2008) (applying presumption of reasonableness to within-Guidelines revocation sentence). Garcia contends, however, the presumption of reasonableness does not apply to his within-Guidelines sentences because the illegal reentry Guideline, § 2L1.2, and the revocation Policy Statement, § 7B1.3, are not empirically based. For his illegal-reentry conviction, he acknowledges this contention is also foreclosed by our precedent. *See United States v. Duarte*, 569 F.3d 528, 529–31 & n.11 (5th Cir. 2009). He raises the issue only to preserve it for possible further review.

As for his supervised-release-revocation sentence, he maintains this issue "does not appear to be foreclosed" by *Duarte*. It is foreclosed by *Duarte*. In any event, it fails.

With respect to his 24-month sentence, Garcia re-states mitigating factors, already presented to the district court, which he contends warrant a lower sentence for his illegal reentry conviction. He fails to rebut the presumption of reasonableness and advances no persuasive reason to disturb the district court's choice of sentence. *See, e.g.*, *United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008). For his consecutive, 16-month revocation sentence, Garcia again fails to rebut the presumption of reasonableness. *See, e.g.*, *Lopez-Velasquez*, 526 F.3d at 809.

AFFIRMED.